IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

CARLOS MORENO-CISNEROS,

    Defendant.

CRIM. NO. 01-30045-HO

ORDER

After he pleaded guilty to illegal reentry, the court sentenced defendant on November 8, 2001 to 77 months imprisonment. Defendant's motion to vacate, set aside or correct sentence is before the court.

## Discussion

Defendant asserts (1) he was denied effective assistance of counsel by trial counsel's failure to argue that the sentencing guidelines are unconstitutional, (2) his sentence is unconstitutional because it was enhanced based upon prior

convictions neither properly alleged in the indictment nor found by a jury beyond a reasonable doubt, and (3) his criminal history category calculation is unconstitutional because it resulted in increased punishment based on uncharged facts neither properly alleged in the indictment nor found by a jury beyond a reasonable doubt.

Defendant's motion is untimely. As discussed below, the cases upon which defendant relies do not apply retroactively, so defendant's conviction became final when the time for filing a petition for certiorari expired. The Ninth Circuit mandate affirming defendant's conviction issued in early August, 2003. Defendant executed his motion on May 17, 2005, well beyond the one-year limitations period of 28 U.S.C. § 2255(d).

Even if timely, counsel's failure in 2001 to argue that the federal sentencing guidelines are unconstitutional was not objectively unreasonable. See e.g. Brown v. United States, 311 F.3d 875 (8th Cir. 2002). Defendant seeks the benefit of Blakely v. Washington, 124 S.Ct. 2531 (2004) and United States v. Booker, 125 S.Ct. 738 (2005). Blakely does not apply to convictions that became final prior to its publication. Schardt v. Payne, ___ F.3d ___, 2005 WL 1593468 (9th Cir.). This court has held, and continues to hold, that Booker also does not apply retroactively on collateral review. See e.g. McReynolds v. United States, 397 F.3d 479, 480-81 (7th Cir. 2005). Judicial fact-finding of prior

2 - ORDER

convictions was permissible at the time of sentencing. United States v. Quintana-Quintana, 383 F.3d 1052-53 (9th Cir. 2004). Defendant did not, and does not, contest the facts of his prior convictions, so that he would not be entitled to relief even if Blakely and Booker applied to his motion. See United States v. Siegelbaum, 359 F.Supp.2d 1104, 1106-08 (D.Or. 2005).

## Conclusion

Based on the foregoing, defendant's motion to vacate, set aside or correct sentence [#56] is denied.

IT IS SO ORDERED.

DATED this 9th day of August, 2005.

Michael R. Hogan
United States District Judge